IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:20CR66 |
| v. | |
| MARIE SCHAEFFER, | ORDER |
| Defendant. | |

This matter is before the Court on defendant Marie Schaeffer's ("Schaeffer") pro se Motion for Reconsideration (Filing No. 55) of the Court's denial of her Emergency Motion for Compassionate Release (Filing No. 53) under the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (2018). The Court denied Schaeffer's initial motion because she failed to show she had "met either of the statutory requirements for judicial review under" 18 U.S.C. § 3582(c)(1)(A)(i), which allows a prisoner to seek a sentence reduction after she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on [her] behalf or the lapse of 30 days from the receipt of such a request by the warden of [her] facility, whichever is earlier."

Schaeffer now states she has "exhausted [her] administrative rights in accordance with" § 3582(c)(1)(A). In support, she has attached a copy of a letter she sent to her warden on April 30, 2023, requesting compassionate release based on her "debilitating spinal condition" and inability "to get timely and adequate medical treatment and care while in" BOP custody. Schaeffer does not say whether she received a response, but she is adamant she has satisfied § 3582(c)(1)(A) and has provided evidence that more than thirty days have passed since she made her request to her warden. Given that, the Court finds—at this point at least—that Schaeffer's request warrants further review. *See United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021) (explaining § 3582(c)(1)(A)'s "exhaustion" requirement

"is a mandatory claim-processing rule" that "must be enforced so long as the opposing party properly raises it"). To facilitate that review,

    IT IS ORDERED:

1. The Federal Public Defender for the District of Nebraska is appointed to represent Schaeffer for the limited purpose of determining whether there are extraordinary and compelling reasons to reduce her term of imprisonment.

2. In the event the Federal Public Defender should decline this appointment because of a conflict of interest or on the basis of the Amended Criminal Justice Act Plan, the Federal Public Defender shall provide the Court with a draft appointment order (CJA Form 20) bearing the name and other identifying information of the CJA Panel attorney identified in accordance with the Amended Criminal Justice Act Plan for this district.

3. If upon review the Federal Public Defender should conclude that Schaeffer's motion is frivolous, the Federal Public Defender may move to withdraw as counsel.

4. The U.S. Probation and Pretrial Services Office is directed to investigate Schaeffer's compassionate-release request and promptly file under seal a report on that investigation.

5. The probation office is authorized to disclose Presentence Investigation Reports to the Federal Public Defender and the United States Attorney for the purpose of evaluating the motion. Schaeffer's counsel shall provide the Presentence Investigation Report to any subsequently appointed or retained counsel. In accordance with the policy of the Federal Bureau of Prisons, no Presentence Investigation Report shall be provided to inmates.

6. The government and Schaeffer's counsel shall each file within ten days of the probation office filing its investigation report a brief addressing Schaeffer's request for sentencing relief and provide any evidence necessary to the Court's disposition of her motion. In particular, the parties should address Schaeffer's mandatory-minimum sentence. Absent an extension, the motion shall be deemed fully briefed and submitted as of that date.

Dated this 17th day of July 2023.

    BY THE COURT:

    *Robert F. Rossiter, Jr.*
    Robert F. Rossiter, Jr.
    Chief United States District Judge